**Alan F. NECKRITZ, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

**No. 26335.**

United States Court of Appeals, Ninth Circuit.

July 30, 1971.

**502**

Alan F. Neckritz, pro se.

Edward J. Kuhlmann, Atty., F.C.C. (argued), Richard W. McLaren, Asst. Atty. Gen., Richard E. Wiley, Gen. Counsel, John H. Conlin, Associate Gen. Counsel, Gregor B. Hovendon, Atty., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for respondents.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Petitioner seeks review of an adverse ruling of the FCC denying his request to present an opposing view to military recruitment announcements sponsored by the U.S. Armed Services and carried by radio station KFRC–AM, San Francisco, California. Petitioner asserted that the broadcasts presented one side of a controversial issue of public importance, and that the radio station by its denial had failed to fulfill its obligations under the so-called Fairness Doctrine. *See* Red Lion Broadcasting Co. v. F.C.C., 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). As seen by petitioner, the controversial issue of public importance was whether it is "desirable for a young man in America today to participate in the Armed Forces." The FCC, with Commissioner Johnson dissenting, rejected petitioner's claim, finding that the station had acted "reasonably and in good faith."[1] Petitioner seeks review of this order. We affirm.

The Fairness Doctrine requires that a broadcast licensee present representative community views on controversial public issues.[2] The licensee, in applying the doctrine, is called upon to make "reasonable judgments in good faith on the facts of each situation," as to whether a controversial issue is involved, and, if so, what programming is required to fairly present that issue. FCC Public Notice: Applicability of the Fairness Doctrine in the Handling of Controversial Issues of Public Importance, 29 F.R. 10415, 10416, 40 F.C.C. 598, 599 (1964). In reviewing a complaint the Commission does not substitute its judgment for that of the licensee but rather determines whether the licensee has acted reasonably and in good faith. *Ibid.* Likewise a court's role is limited to deciding whether the Commission's order is unreasonable or in contravention of statutory purpose. In making such a determination a court "is not at liberty to substitute its own discretion for that of administrative of-

---

1. The Commission's similar decision in a companion case, Green v. FCC, 24 F.C.C. 2d 156 (1970), was recently affirmed by the D.C.Circuit, 447 F.2d 323 (1971).

2. The relevant statutory section is 47 U. S.C. § 315(a), which places upon licensees the obligation "to afford reasonable opportunity for the discussion of conflicting views on issues of public importance."

ficers who have kept within the bounds of their administrative powers." American Tel. & Tel. v. United States, 299 U.S. 232, 236, 57 S.Ct. 170, 172, 81 L.Ed. 142 (1936). *See generally* K. Davis, Administrative Law Treatise 5.03 (1958).

Here the station rejected petitioner's request primarily on the ground that the announcements urged enlistment on the basis of patriotism and personal advantage, and did not present a position on the issues petitioner wished to discuss namely, American military involvement in Viet Nam (or other foreign nations), and the desirability, particularly in light of that involvement, of volunteering rather than seeking a deferment or exemption. The Commission found the station had acted reasonably. The Commission also viewed both Viet Nam and the Selective Service System as controversial issues of public importance. It agreed that the recruitment announcements in and of themselves did not raise these issues, but went rather to the government's acknowledged right to raise an army. Thus the Commission saw no reason to overturn the licensee's decision. *See* 24 F.C.C.2d 175 (1970).

■ Petitioner argues that the Commission did not establish an appropriate "legal standard" for determining the meaning of the recruitment announcements. He notes that in ruling on a fairness complaint concerning cigarette commercials, the Commission considered FTC findings on the "impression" conveyed to the public by the advertisements (*see* WCBS–TV, 9 F.C.C.2d 921, 938–39 (1967)); and he argues that the

Commission should have considered similar material in this case. But no such material was offered. The Commission's role is to decide whether a licensee has acted unreasonably on the basis of the record before it. The Commission simply found that the record failed to support petitioner's complaint that the licensee had acted unreasonably. We find no reason to disturb this finding. There is nothing in the record to suggest that the "impression" conveyed to the public generally or to young people by the recruitment announcements differed in any way from the meaning attributed to those announcements by station KFRC and the Commission.

■ Petitioner also argues that in deciding whether the licensee's action was reasonable the FCC should have considered both the fact that KFRC is owned by a conglomerate which performs Defense Department contracts and the fact that the licensee had stated in its 1968 renewal application that a way should be found to help many Bay Area social nonconformists back into the mainstream of American life. The short answer is that these claims were not submitted to the Commission. The Communications Act of 1934, 47 U.S.C. § 405,[3] precludes judicial review of questions of law or fact that the Commission has not had an opportunity to pass upon. *See* Great Falls Community TV Cable Co. v. F.C.C., 416 F.2d 238, 239 (9th Cir.1969); Presque Isle TV Co. v. United States, 387 F.2d 502, 504 (1st Cir.1967).

The order is affirmed.

3. 47 U.S.C. § 405 provides:
   "The filing of a petition for rehearing shall not be a condition precedent to judicial review * * * except where the party seeking such review * * * relies on questions of fact or law upon which the Commission * * * has been afforded no opportunity to pass."